**DEMPSTER BROTHERS, INC., and George R. Dempster, Plaintiffs,**

v.

**PERFECTION STEEL BODY COMPANY et al., Defendants.**

**Civ. No. 32732.**

United States District Court
N. D. Ohio, E. D.

July 8, 1959.

Motions to Amend Findings and Judgment Denied Aug. 27, 1959.

Charles D. Snepp, Knoxville, Tenn., J. Preston Swecker, Washington, D. C., Bruce B. Krost, Cleveland, Ohio, for Dempster Bros., Inc., and George R. Dempster, plaintiffs.

Isler & Ornstein, Fred Ornstein, Hugh McNamee, Robert W. Poore, Cleveland, Ohio, for Perfection Steel Body Co., Cobey Corp. and others, defendants.

JONES, District Judge.

For the purpose of decision and findings and conclusions, the charges or claims of the plaintiffs will be separately discussed, as outlined by plaintiffs' counsel in his opening statement.

I. That the defendants hired Dempster employees such as Standifer and took advantage of his breach of confidence and trust in using construction and trade secrets, obtained as employees of Dempster.

II. Inducing breach of contract by J. A. Close.

III. Validity of plaintiffs' patents.

IV. Infringement of plaintiffs' patents.

V. Counterclaim and unfair competition.

The trial lasted for the greater part of four trial weeks, three of which were devoted to evidence presented on the issues of alleged appropriation by the defendants of trade secrets of the plaintiffs; unfair trade practices in the use of plaintiffs' names for specific types of manufactured articles, such as metal containers; inducing breach of contract between Close and the plaintiffs; and the overall charge of conspiracy to accomplish these, I feel presently able to make findings and conclusions upon three of these issues.

## I and II

The co-incidental defection of Close, Standifer and Elam in their respective relationships may lend some color to the suspicions of the plaintiffs that severance of relations with Dempster and flight to the defendants were part of a joint project employed by the defendants in complicity with those persons; but a careful consideration of the evidence leaves me without a basis for finding or concluding that the defendants initiated the change of status or that there was any conspiratorial arrangement between them.

■ There is no evidence of a probative character to sustain the charge that the defendants induced the severance of Standifer, the draftsman, from the employment by Dempster and by thus doing, appropriated the plaintiffs' trade secrets. Standifer initiated his change of employment because of his dissatisfaction and disappointment over the plaintiffs' unwillingness to increase his compensation. It is easy to believe in the circumstances here presented that this reason given by him was well founded, considering the then current and modern scales of compensation in industry and the value of the services he was performing. He was under no contract of secrecy and I can find no bar to his use of the knowledge and experience gained by him in his long years of service with Dempster to improve his financial position. I think, based upon his experience and knowledge and his standing as an expert draftsman, he well could have, and did,

reproduce drawings of hoisting units and containers comparable with Dempster's as to style and dimensions. Indeed, he frankly stated that was his intention. I do not understand why it should be thought impossible for one of his knowledge and experience to have done this even if all he was said to have was plaintiffs' catalog and the knowledge of the measurements of a hoisting unit of plaintiffs, gained from a trip to Columbus.

The proofs are insufficient to support the plaintiffs' charges. Inability of employee Standifer to get any substantial increase in compensation, and unsatisfactory financial situation, as to Close, were, in my opinion, the motivating causes of their gravitating to the defendants.

While these witnesses were adverse in the sense that they would not subscribe to the role cast for them by the plaintiffs in their amended complaint, they were not hostile, nor unresponsive or evasive. I was inclined to believe they were telling the truth. They were dissatisfied and disgruntled over their employment and relationship with the plaintiffs, principally because of the inadequate financial compensation or arrangements.

■ I believe that during the trial I expressed the opinion that the defendants were not responsible for the breach by Close of his contract as distributor for Dempster. The evidence, in my view, does not support that charge. Close, dissatisfied with failure of the plaintiffs promptly to fill the orders he obtained, by delay in delivery beyond reasonable limits;—disgruntled over the plaintiffs' unwillingness to extend greater financial credit to him (for which I could hardly blame them)—initiated the diversion to Perfection, and by his individual acts (possibly aided and abetted by Elam, his salesman) brought about the breach of his contract with Dempster. I find and conclude that the defendants did not induce the breach.

In summary, finding, as I do, the individual and independent character of Close's defection and Standifer's transfer of employment, I am unable to find

that there was an agreement involving the defendants wherein, by concert of action between them, Close, Elam, and Standifer, the plaintiffs trade secrets were wrongfully appropriated and the contract with Close was caused to be breached. There is not, in my opinion, a sufficient foundation of evidence upon which to base the inference, which the plaintiffs seek to have the court draw, that these wrongs charged were a part of a planned conspiratorial action.

### III—Validity of Plaintiffs' Patents

The patent issues pretty generally relate to facts; the patent phase does not involve complicated mechanical problems or require a review of structure, features or functions of the patents to be considered. It is thought enough to set down my findings and conclusions with brief comments on the reasons therefor.

This is a patent and infringement case where the lay eye, with some years of consideration of such matters and a general understanding of mechanical construction and arrangements, is as reliable as the expert in determining validity and infringement.

■ This is not to say that the plaintiffs' patents have not made a substantial contribution to the material transporting equipment industry. The hoisting unit particularly has a unique combination of many well-known elements and is of great utility and commercial success. It has enjoyed good public health (that is acceptance and acquiescence) and very little conflict with adverse elements seeking to interfere during the substantial period of its life. This constitutes a favorable consideration as to validity and, as I said earlier, the defendants paid it much tribute by reproducing it in material respects, even as to design.

Considerable time and extensive testimony, expert and otherwise, were devoted to plaintiffs' Patent Dempster No. 2,-199,520 and particularly with reference to Claims 3, 4 and 5, and its limited or extended application to drop bottom containers.

■ Defendants' detachable containers are alleged to infringe Claims 3, 4 and 5 of Patent No. 2,199,520, which expired May 7, 1957. Each of these claims is limited to a container having a portion of each end wall connected to the bottom. The file wrapper discloses that the prior art showed overlapping end walls; that the above limitation was necessary to avoid rejection of the claims; and that invention was claimed for the cut-out end wall construction as such. Since all these claims are so limited there can be no infringement by defendants' overlapping end wall construction, which follows the prior art. See File Wrapper pages 17, 18, 26 and 44.

The defendants challenge forcefully and, as I think, effectively, the broad construction claimed by the plaintiffs; and rely both upon the file wrapper evidence as to the limitations and upon the language of the claims as not supporting validity or infringement as construed by the plaintiffs.

■ Fairly considered, I think the patent not entitled to the breadth of coverage asserted and that it does not read upon the defendants' drop bottom container. I find Claims 3, 4 and 5 of the patent invalid as applied to defendants' container.

■ Defendants are also charged with infringement of Claims 3, 5, 7, 9 and 14 of Patent No. 2,281,183, which expired April 28, 1959. Claims 3 and 5 are limited to a hoist structure in which the skid traveler is movable forwardly of the rear axle by the weight of the container. Pursuant to this patent the plaintiffs ceased to use a double-acting hydraulic cylinder as was previously employed (see specification of the patent) and adopted instead a single-acting cylinder. Even if such a measure could be considered invention, it obviously could not be read on defendants' structure, which uses the double-acting hydraulic cylinder and thus moves the skid traveler forward by means of hydraulic pressure and not by the weight of the container. See File Wrapper pages 42, 46.

■ Claims 7 and 9 of this patent have reference to a "bail extending along the bottom and above the back wall." None of the defendants' containers were made in this manner and thus there can be no infringement of these claims.

■ Claim 14 calls for "forwardly sloping means to distribute container weight against said skid frame." It is to me inconceivable that it could be considered invention to tilt a box forward to keep it from falling off the back of a truck, but even if the claim were valid, page 47 of the file wrapper makes clear that the means covered by the claim must be forwardly sloping. Since defendants' means are not forwardly sloping, infringement of this claim is not made out.

■ Claims 18 and 19 of Patent No. Reissue 22,979, expired August 6, 1957, are claimed to be infringed, yet both claims are limited to a structure which has a "container being supported by said elevating means," while being dumped. Neither plaintiffs nor defendants make any such structure. Instead, the container is supported by a hook attached to the skid frame and the elevating means is also the dumping means. There is no infringement of this patent.

■ Claim 8 of Patent No. 2,179,779 and Claim 7 of Patent No. 2,187,657 are involved in this action under a charge of contributory infringement in that by selling containers for use with Dempster hoisting units the defendants made it possible for these hoist owners to "make" the patented combination of hoist and container. There are, to my mind, several fallacies in this reasoning and they are covered in defendants' brief. In addition, these claims are so broad as to be virtually meaningless and as such are invalid.

Patents 2,445,106 and 2,599,618 were both withdrawn by plaintiffs and charges thereunder were dismissed with prejudice as to these defendants.

Because of what the court believed to be a proper ruling on procedure, the defendants were unable to introduce considerable of the prior art and patents cited earlier in the case against Dempster's current hoisting units. Upon reflection and during the consideration of the case after submission it seemed to me in the interest of adequate consideration of the questions of infringement and validity that I should review some of that prior art and earlier patents. For this purpose I deem it unnecessary to have the opinions of experts because, as I said earlier, "this is a type of patent and infringement case where the lay eye, with some years of consideration of such matters and a general understanding of mechanical construction and arrangements, is as reliable as the expert in determining validity and infringement".

I find and conclude that the patents challenged are invalid or not infringed, as hereinbefore noted.

### V—Counterclaim and Unfair Competition

■ Coming now to consider the issues raised and the relief prayed in defendants' counterclaim. All questions respecting patents have been covered except as to Patent No. 2,445,106 (hook), sought, among others, by the defendants to be declared invalid. It has to do with a hook for holding the bale of some containers in the dumping operation. Careful consideration of the claims and the earlier art and patents results in a finding of invalidity. It clearly is anticipated by Eaton No. 2,325,568 and by earlier patents of Schultze No. 1,052,096 and Larner No. 1,547,592. I further find that if this patent were found to be valid, defendants' hook (Exhibit No. J) does not infringe.

Plaintiffs originally charged defendants with infringement of this patent but moved early in the trial to dismiss the patent without prejudice. In the above view of the matter the dismissal moved by the plaintiffs will be granted but with prejudice.

■ There is insufficient evidence to support defendants' charge of misuse by plaintiffs of their patents. It is claimed that the plaintiffs' policy of securing pat-

ents on any improvements was done as a means of obtaining a monopolistic position in the field of material handling equipment. Contrary to demonstrating a wrongful purpose, it seems to me the policy well can be justified by the aggressive character of the competition with which they were required to deal.

The notices to the trade or defendants' customers were couched in moderate language and as I think not beyond the bounds of protective rights. I find no misuse, nor do I find that the plaintiffs unlawfully required customers and users to purchase unpatented containers as a condition to acquiring and using plaintiffs' patented hoisting units. In view of defendants' operations, the defendants hardly were in a position to complain of plaintiffs' efforts, considering what they were endeavoring to do to the plaintiffs and their business and the means by which they had developed their equipment.

I find and conclude that, except for a judgment of invalidity or non-infringement of claims of patents mentioned above, the defendants are entitled to no relief under their counterclaim.

Judgments may be entered respectively for the defendants on the second amended and supplemental complaint, and for the plaintiffs on defendants' counterclaim, each party to pay its own costs.

This memorandum is considered sufficient compliance with Rule 52(a), 28 U.S.C.A.

### On Plaintiffs' Motion to Amend Findings and Defendants' Motion for Amendment of Judgment

This matter coming on for consideration of the plaintiffs' motion to amend findings of fact, the defendants' motion for additional findings, and defendants' motion for amendment to the judgment, it is ordered that the following additional finding be included as an amendment to the findings heretofore filed:

Plaintiffs' alleged trade names "drop-bottom", "universal", "apartment" and "tilt-type" are words descriptive of different physical forms or types of containers. They have not been physically applied to containers by plaintiffs nor by defendants. The evidence does not establish that these words or any of them have acquired significance in the mind of the public as an indication of the origin of containers produced by Dempster Brothers rather than as a descriptive indication of the structure of different types of containers.

Defendants' motion for amendment of the judgment, and other matters contained in plaintiffs' and defendants' motions for amendment and addition of findings will be denied.